JOHN ROGERS vs. WALLACE BROWN & Trustees.

Piscataquis.     Opinion February 25, 1908.

*Actions.   Assumpsit.   Assignee of Chose in Action.   Statute 1874, chapter 235.*

In the case at bar, Frances H. Rogers, assignee, brought an action of assumpsit in the name of John Rogers, assignor, against the defendant to recover payment for the items specified in the following agreed statement, to wit: "The plaintiff in his account annexed among other articles, claims to recover for certain coupon books sold and delivered by the plaintiff to the defendant, to be paid for in money. Each coupon book appears upon the books aforesaid and in the account annexed to the writ. The said coupon books were made up of coupons, each coupon representing from one cent up to five cents according to the price of the coupon book. The coupons were redeemed by the store by the sale and delivery of goods until all the coupons in each book were redeemed. The name of the purchaser of each book and the seller's name were written in each book." The defendant contended that the plaintiff could not recover in this form of action ; that the sale and delivery of the coupon books disclosed a special agreement and that consequently special assumpsit was the only appropriate remedy. The defendant also denied the right of the said Frances H. Rogers to maintain her action in the name of the assignor.

*Held :* That the action of assumpsit was properly brought and also that the action was maintainable in the name of the assignor. .

On agreed statement.    Judgment for plaintiff.

Assumpsit on account annexed to recover for certain coupon books alleged to have been sold and delivered by the plaintiff to the defendant, "to be paid for in money." Plea, the general issue and statute of limitations.   The action originated in the Dover Municipal Court, Piscataquis County, and probably reached the Supreme Judicial Court on appeal although the record is silent on that point.   The action came on for trial at the February term, 1907, of the Supreme Judicial Court in said county, at which time an agreed statement of facts was filed and the case was then sent to the Law Court for determination. .

The case appears in the opinion.

· *Hudson & Hudson,* for plaintiff.

*J. S. Williams,* for defendant.

SITTING :    EMERY, C. ·J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, JJ.

SPEAR, J.    This is an action of assumpsit brought by Frances H. Rogers, assignee, in the name of John Rogers, assignor, against Wallace C. Brown, to recover payment for the items contained in the following account.

WALLACE C. BROWN,
|             |        |  To JOHN ROGERS,     |      DR.  |
|-------------|--------|----------------------|-----------|
| 1898.       | February 10, | Coupon book,   | $  2.50   |
|             | "     22,    | "              | 10.00     |
|             | March 12,    | "              | 10.00     |
|             | "     30,    | "              | 15.00     |
|             | May  28,     | "              | 15.00     |

The case comes here on an agreed statement and presents two questions, which will be considered in their order.

The agreed facts pertaining to the first point are :    "The plaintiff in his account annexed among other articles, claims to recover for certain coupon books sold and delivered by the plaintiff to the defendant, to be paid for in money.    Each coupon book appears upon the books aforesaid and in the account annexed to the writ. The said coupon books were made up of coupons, each coupon representing from one cent up to five cents according to the price of the coupon book.    The coupons were redeemed by the store by the sale and delivery of goods until all the coupons in each book were redeemed.    The name of the purchaser of each book and the seller's name were written in each book."    The first question of law presented is :    "Can the plaintiff recover in this action, upon the above statement, for said coupon books?"    The contention of the defendant is that the plaintiff upon the agreed statement cannot recover under this form of action ; that the coupon books should have been declared upon specially ; that the sale and delivery of the coupon books disclosed a special agreement and that, consequently, special assumpsit was the only appropriate remedy.

But we are unable to discover any evidence in the agreed state-

ment of a special contract attending the sale of the books, which brings the transaction within the rule of special assumpsit. The agreed statement admits that the plaintiff seeks "to recover for certain coupon books sold and delivered by the plaintiff to the defendant, to be paid for in money." The accomplished fact of a sale and delivery is admitted by the quotation.

So far as the legal aspect of the sale is concerned, we think it is precisely the same as it would have been if the charge had been made for a spelling book instead of a coupon book.

Whatever agreement the plaintiff entered into with respect to the redemption of the books was a separate contract and might, perhaps, upon the failure of the plaintiff to carry out his agreement, have been set up in defense for total or partial want of consideration, or by way of recoupment, to the right of the plaintiff to recover, but not to his form of action. The case shows a sale and delivery upon which the plaintiff is entitled to recover in an action of assumpsit. *Cape Elizabeth* v. *Lombard*, 70 Maine, 396.

The agreed statement seems to present a case analogous to the sale and delivery of a chattel with a warranty. The rule of law is elementary that the plaintiff, in such a case, could bring assumpsit to recover for the article sold, without reference to his contract of warranty, while the defendant could plead such contract as a defense to the merits of the action but not to the form of it.

But it has been held that a recovery may be had under a declaration in assumpsit for the price of goods sold and delivered under an express agreement, when the plaintiff has fully executed the agreement on his part and nothing remains for the defendant but the payment of the price in money. *Holden Steam Mill Co.* v. *Westervelt et als*, 67 Maine, 446.

While so far as the form of action is concerned, we believe it to be immaterial, yet it is admitted that the plaintiff has fully redeemed the coupon book and had therefore fully performed on his part every stipulation arising out of the contract of sale. Conceding a special agreement, arguendo, and it would then seem to be fully covered by *Holden Steam Mill Co.* v. *Westervelt*, supra.

It also appears from the agreed statement that John Rogers, in

whose name this action is brought, before the date of the writ, assigned in writing all of his right, title and interest in the above account annexed to Frances H. Rogers, his wife. The second question therefore submitted by the agreed statement is : "Do the papers from John Rogers to his wife Frances H. Rogers, as introduced in the case by the defendant, bar the plaintiff from recovery?" The defendant admits the validity of the assignment but denies that the plaintiff can maintain her action in the name of the assignor.

This question was fully settled in *McDonald* v. *Laughlin*, 74 Maine, 480. It was there held that the right of an assignee of a chose in action to bring suit in his own name was a remedy in addition to, but not exclusive of, that already established by the common law. The opinion says : "The Act of 1874, chapter 235, authorizes, but does not require, assignees of choses in action assigned in writing to bring actions upon them in their own names. There is nothing in it to limit or exclude remedies previously existing."

This interpretation of the statute has never been questioned nor do we think it reasonably can be. In accordance with the stipulation in the agreed statement, the entry must be,

*Judgment for the plaintiff.*