1997 ME 94

## CAMBRIDGE MUTUAL FIRE INS. CO.

v.

### Joan PERRY et al.

Supreme Judicial Court of Maine.

Submitted on Briefs March 24, 1997.

Decided May 5, 1997.

---

John S. Whitman, Anne H. Cressey, Richardson, Whitman, Large & Badger, Portland, for plaintiff.

William S. Kelley, Belfast, for Virginia Hall.

Robert B. Cumler, Davidson, Cumler & Lynch, Waldoboro, for Joan Perry.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Virginia Dee Hall appeals from the summary judgment entered in the Superior Court (Lincoln County, *McKinley, A.R.J.*) in favor of Cambridge Mutual Fire Insurance Company (Cambridge). Cambridge's complaint requested a declaration that it has no obligation to defend or indemnify Joan Perry in connection with a civil action brought by Virginia against Joan and David Perry. (Hall lawsuit). Because we agree with Virginia's contention that the court erred by finding that Cambridge had no duty to defend or indemnify Joan with respect to the Hall lawsuit, we vacate the judgment.

[¶ 2] Cambridge issued a homeowner's policy to David and Joan for the period from November 14, 1979, through November 14, 1984. Virginia, age 27, is the natural daughter of Joan and the adopted daughter of

David and has filed a complaint in the Superior Court (Lincoln County) alleging that David sexually abused her between August 1980 and 1984. (*Virginia Dee Hall v. Joan Perry and David Perry*, CV–93–44). As against Joan, the complaint alleges conduct her part that amounts to negligent failure to protect Virginia from the sexual violations committed by David.

[¶ 3] Joan requested Cambridge to defend her with respect to Virginia's civil action. Cambridge originally provided defense counsel to Joan but then refused to provide a defense to her. On April 4, 1994, Joan assigned her rights in her insurance contract issued by Cambridge to Virginia.[1] On June 24, 1994, a judgment was entered in the Superior Court by stipulation in the amount of $75,000 against Joan only.[2]

[¶ 4] Cambridge filed the within complaint for a declaratory judgment on March 23, 1995, requesting a declaration that it had no duty to defend or indemnify Joan. The parties filed cross-motions for a summary judgment and, following a hearing on September 11, 1996, the court granted a summary judgment in favor of Cambridge. The court concluded that Cambridge had no duty to defend Joan Perry in the Hall lawsuit and had no duty to indemnify Joan Perry with respect to the stipulated judgment. This appeal by Virginia, the assignee of Joan, followed.

## I.

■■■ [¶ 5] In cases involving the construction of the language of an insurance contract, the meaning of unambiguous language is a question of law. *Globe Indem. Co. v. Jordan*, 634 A.2d 1279, 1282 (Me.1993).

The homeowner's policy issued to the Perrys provides coverage for personal liability as follows:

If a claim is made or suit is brought against any **insured** for damages because of **bodily injury or property damage** to which this coverage applies we will:

a. pay up to our limit of liability for the damage for which the **insured** is legally liable; and

b. provide a defense at our expense by counsel of your choice.

[¶ 6] Section II—EXCLUSIONS of the policy contains a clause denying coverage for "**bodily injury** or **property damage** ... which is expected or intended by the **insured**." Virginia contends that Cambridge breached its duty to defend because the complaint alleges negligent conduct on Joan's part that was not intentional within the policy exclusion for "bodily injury which is expected or intended by the insured." We agree.

[¶ 7] In *Hanover Ins. Co. v. Crocker*, 688 A.2d 928 (Me.1997), we addressed whether a policy term excluding personal liability coverage for injuries "either expected or intended from the standpoint of the insured," barred coverage for the wife of a husband who sexually abused his daughter. In that case, we joined a majority of jurisdictions in noting that "[b]ecause injury from negligent acts are considered accidental, ... such injury is not injury expected or intended from the standpoint of [the insured]." *Id.* at 931 (citation omitted). We also noted that "[p]ublic policy does not prohibit insurance coverage for an insured whose negligence contributed to an injury from sexual abuse." *Id.* Nei-

---

**1.** The contract provides in part:

I, JOAN DOROTHEA PERRY, for valuable consideration, assign, give, grant and transfer to VIRGINIA DEE HALL, any and all rights,claims and/or causes of action that I have had, have now or will have in the future against the Cambridge Mutual Fire Insurance Company or any other insurance company as a result of any loss I suffer or damages or Judgments entered against me or otherwise, for losses, damages and/or injury sustained by Virginia Dee Hall arising from the facts and circumstances alleged in a suit filed in Lincoln County Superior Court, Docket # CV–93–44

entitled, *Virginia Dee Hall v. David Leland Perry and Joan Dorothea Perry*.

**2.** The stipulated judgment provides in part:

Upon agreement between the Plaintiff, VIRGINIA DEE HALL, and the Defendant, JOAN DOROTHEA PERRY, it has been agreed and is hereby ORDERED, that judgment shall be entered in the amount of $75,000.00 against the Defendant, Joan Dorothea Perry, individually. This Judgment is solely entered against Joan Dorothea Perry for damages caused to Plaintiff solely by Joan Dorothea Perry and does not in any way satisfy any claim of Plaintiff against David Leland Perry.

ther the policy exclusion nor public policy relieved Hanover of its duty to defend the insured.

[¶ 8] The complaint in this case also alleges conduct that must be characterized as negligent in Joan's failure to protect Virginia. Because injury from negligent acts is considered accidental, such injury is not injury expected or intended from the standpoint of Joan, who is one of the insured's pursuant to Cambridge's policy. Accordingly, the trial court erred in concluding that Cambridge had no duty to defend Joan in the Hall lawsuit.

## II.

[¶ 9] Virginia also contends hat the court erred in regard to Cambridge's duty to indemnify Joan with respect to the stipulated judgment.[3] Virginia argues that because Cambridge breached its duty to defend, Joan was entitled to settle without jeopardizing her right to insurance otherwise available to her. Cambridge contends that it has no duty to indemnify Joan because, in entering into a stipulation for a judgment without its knowledge or consent, she breached a condition of the insurance contract.[4] Even assuming Joan was justified in entering into the stipulated judgment, Cambridge contends that it has no duty to indemnify until the settlement is proven to be reasonable.

[¶ 10] If an insurer refuses to defend an action based on a claim actually within the coverage of the policy on the ground that it is outside the policy's coverage, such a refusal, even though based on an honest mistake by the insurer, constitutes an unjustified refusal and renders the insurer liable for a breach of the insurance contract. *Gates Formed Fibre v. Imperial Casualty & Indem. Co.*, 702 F.Supp. 343, 346 (D.Me.1988) (citations omitted). Once an insurer breaches its duty to defend, the insured is free to

proceed to protect her interests. *Id.* (citing *Ideal Mut. Ins. Co. v. Myers*, 789 F.2d 1196, 1200 (5th Cir.1986)). Thus, if an insurer wrongfully refuses to defend an action against the insured, as required by the policy, the insured is entitled to settle without jeopardizing her right to coverage otherwise available to her. *Id.*

[¶ 11] The insured's right to indemnification for a settlement entered into following an insurer's wrongful refusal to defend, however, is not without limitation. An insurer is liable only if the settlement amount is reasonable and is made in good faith. Such a settlement reached by the insured is presumptively reasonable, however, and the insurer has the burden of proving that the settlement is unreasonable or in bad faith. *Hospital Underwriting Group, Inc. v. Summit Health Ltd.*, 63 F.3d 486, 496–97 (6th Cir.1995); *Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679–80 (9th Cir.1993); *Isaacson v. California Ins. Guar. Ass'n*, 44 Cal.3d 775, 244 Cal.Rptr. 655, 666, 750 P.2d 297, 308 (1988). Whether the settlement was reasonable and prudent depends on what a reasonably prudent person in the insured's position would have settled for on the merits of the claimant's case. This determination involves evaluating the facts bearing on the liability and damage aspects of the claimants case, as well as the risks of proceeding to trial. *See United Servs. Auto Ass'n v. Morris*, 154 Ariz. 113, 121, 741 P.2d 246, 254 (1987). In the present case, there has been no examination of the settlement absent the court's notation of its entry. Because an analysis of the "reasonableness" of a settlement requires an evaluation of the facts and merits of the case, Virginia is not entitled to a judgment on the issue of indemnity in the procedural posture of this case. *See Albert v. Maine Bonding & Casualty Co.*, 144 Me. 20, 22–25, 64 A.2d 27, 29 (1949) (if it was

---

3. An insurer's duty to indemnify is not determined until the liability of the insured has been decided. *See* Hanover Ins. Co. v. Crocker, 688 A.2d at 929 n. 1. In a case such as this when it is alleged that Joan was aware of the abuse, it could be possible to show that her conduct amounts to more than negligence, and that the injury was expected within the meaning of the policy exclusion.

4. The policy provides, "the insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the bodily injury."

necessary that immediate settlement be made under the existing facts … [it is a] matter·for determination by the jury whether the settlement was fair and reasonable).

 [¶ 12] Absent a showing of bad faith or that the settlement is unreasonable, Joan did not breach a condition of the insurance contract by entering into a stipulation for a judgment without the knowledge or consent of Cambridge. Although the right to control a settlement reserved to insurers is an important and significant provision of the policy contract, by unjustifiably refusing to comply with its contractual obligation to defend, a liability insurer forfeits its right to insist on compliance by the insured with the policy provision prohibiting settlement or voluntary payment. *Albert v. Maine Bonding & Casualty Co.,* 144 Me. at 24, 64 A.2d at 29; *see also Fireman's Fund Ins. Co. v. Security Ins. Co. of Hartford,* 72 N.J. 63, 367 A.2d 864, 868 (1976) (insurer forfeits right to allege breach of contractual provision by insured when it breaches contract).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.