STATE OF MAINE

CUMBERLAND, ss.

CIVIL ACTION
DOCKET NO. CV-03-601

BRISTOL WEST INSURANCE
GROUP,

   Plaintiff

v.

NICOLE R. BEGIN,

RACHEL A. BEGIN,

and

ORVILLE L. BRIDGES,

   Defendants

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

JUN 8 2004

---

Before this court is Defendant, Orville L. Bridges' ("Bridges")[1] Motion to Vacate

Default entered against Defendants, Nicole R. Begin ("Nicole") and Rachel A. Begin

("Rachel").

## FACTUAL BACKGROUND

On October 22, 2002, Defendant Bridges was involved in an automobile accident

with a car driven by Defendant Nicole and owned by Defendant Rachel. When this

accident occurred, Reliant Insurance Company insured Defendant Rachel's vehicle,

which is Plaintiff Bristol West Insurance Group's ("Bristol") predecessor.

---

[1] This court notes that Plaintiff Bristol refers to Defendant Bridges as a "party in interest." A "real party in interest," however, is defined as "[a] person entitled under the substantive law to enforce the right sued upon and who generally, but not necessarily, benefits from the action's final outcome. – Also termed *party in interest* . . . " Black's Law Dictionary 1145 (7th ed. 1999). Accordingly, this court does not find the use of the term "party in interest" necessary in this case.

Following the accident, Defendant Bridges commenced a civil action against Defendants Nicole and Rachel. Plaintiff Bristol, however, refused to defend Defendants Nicole and Rachel, so they settled the suit by entering into a Consent Judgment with Defendant Bridges. This Consent Judgment assigned "all causes of action against Bristol West Insurance Company or any other insurer . . . " to Defendant Bridges, the assignee. (Settlement Agreement at 1.)

On November 3, 2003, Plaintiff Bristol filed a Complaint in the Cumberland County Superior Court, which Defendant Bridges timely answered. Defendants Nicole and Rachel, however, failed to timely answer said Complaint. Consequently, on December 3, 2003, the clerk entered default against Defendants Nicole and Rachel. Defendant Bridges responded to this occurrence by filing a Motion to Vacate the Entry of Default on January 9, 2004.

## DISCUSSION

Defendant Bridges argues that, as an assignee of Defendants Nicole and Rachel's rights, he has standing to defend the present declaratory judgment action. Conversely, Plaintiff Bristol asserts that Defendants Nicole and Rachel need to file a separate answer to the Complaint, because they are the only real parties in interest. Consequently, Plaintiff Bristol concludes that Defendant Bridges does not have standing to defend this action for all Defendants named in the Complaint.

"The real party in interest provision applies to subrogees as well as assignees. Where an assignment is total or where a subrogee has paid the full amount of the loss, the assignee or subrogee is the only real party in interest. He is the sole and proper party plaintiff . . ." 1 Field, McKusick & Worth, Maine Civil Practice § 17.2 at 350 (2d ed. 1970). "When [,however,] the assignment is partial or the subrogee has paid only part of the loss, the assignee or subrogee is still a real party in interest but not the only

one." Id. Moreover, the Law Court has held that "the right of an assignee of a chose in action to bring suit in his own name was a remedy in addition to, but not exclusive of, that already established by the common law." Rogers v. Brown, 103 Me. 478, 481, 70 A. 206, 207 (1908) (citation omitted).

In the case at bar, Defendant Bridges was assigned all of Defendants Nicole and Rachel's rights in regard to actions arising from the car accident. This assignment specifically provides that "[a]ssignors hereby assign to [a]ssignee all causes of action [a]ssignors may have against Bristol West Insurance Company or any other insurer arising out of any insurance policy in connection with the claim at issue in the above-referenced litigation." (Settlement Agreement at 1.) In addition, the agreement further states that the:

> Assignee agrees to hold both Nicole R. Begin and Rachel A. Begin harmless from, and to defend and indemnify them against, any now pending or subsequently initiated suits, claims, judgments, costs or expense of any kind, including attorney fees, and including those for contribution, and/or indemnification by any person or organization on account of judgment, assertion or settlement of any claim by or on behalf of Orville L. Bridges, as a result of the injuries or damages that were asserted or could have been asserted in a lawsuit filed in the Androscoggin County Superior Court, Docket No. CV-2003-146 entitled Orville L. Bridges v. Nicole R. Begin and Rachel A. Begin;

Id. at 2.

The insurance policy, however, provides that "[y]our rights and duties under this policy may not be assigned without our written consent." (Reliant Insurance Policy at 24.) Consequently, Plaintiff Bristol argues that the assignment was not valid, thereby making Defendants Nicole and Rachel indispensable parties. If this court, however, were to accept Plaintiff Bristol's argument an insurance company could always bring a declaratory judgment complaint to avoid reach and apply actions. In addition, it is

3

alleged that Plaintiff Bristol breached its duty to defend Defendants Nicole and Rachel. See Cambridge Mutual Fire Ins. Co. v. Joan Perry, 1997 ME 94, ¶ 10, 692 A.2d 1388, 1391 ("Once an Insurer breaches its duty to defend, the insured is free to proceed to protect her interests. Thus, if an insurer wrongfully refuses to defend all action against the insured, as required by the policy, the insured is entitled to settle without jeopardizing her right to coverage otherwise available to her.") (citations omitted). Accordingly, this court finds that the insurance policy language does not prohibit Defendants Nicole and Rachel from assigning their rights and duties in this case.

Therefore, based on the above analysis and the preference to try cases on the merits, this court concludes that Defendant Bridges has standing to answer the Complaint for all named Defendants. See Wood v. Bachelder, CV-93-269 (Me. Super. Ct., Ken. Cty., Nov. 10, 1993) (Crowley, J.) ("Although compliance with the rules is of great importance, the punitive value of imposing a default is frequently subordinated to the preference for a trial on the merits.") (citation omitted).

WHEREFORE, this court **DISMISSES**, as moot, Defendant Bridges' Motion to Vacate the entry of default against Defendants Nicole and Rachel Begin. The answer of Defendant Bridges is to be treated as the answer of Defendants Nicole and Rachel Begin.

Dated: May _18_, 2004

Robert E. Crowley
Justice, Superior Court

4

BRISTOL WEST INS. GROUP S/I/I RELIANT INS. CO - PLAINTIFF

Attorney for: BRISTOL WEST INS. GROUP S/I/I RELIANT
INS. CO RAIR
PO BOX 2580
43 COLUMBIA STREET SUITE ONE
BANGOR ME 04402-2580


vs
NICOLE R. BEGIN - DEFENDANT
RACHEL A. BEGIN - DEFENDANT
ORVILLE L. BRIDGES - PARTIES IN INTEREST

Attorney for: ORVILLE L. BRIDGES
ANTHONY FERGUSON
FALES & FALES PA
192 LISBON STREET
PO BOX 889
LEWISTON ME 04243-0889

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2003-00601


**DOCKET RECORD**