## Wilfred PERREAULT et al.

v.

## MAINE BONDING & CASUALTY CO. et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 3, 1990.

Decided Jan. 16, 1990.

Robert M. Knight, Daniel R. Warren, Bean, Jones & Warren, Scarborough, for plaintiffs.

Martica S. Douglas, Hewes, Douglas, Whiting & Quinn, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

In this declaratory judgment action in Superior Court, Wilfred Perreault and his wife seek a declaration that their insurer under a homeowner's policy, Maine Bonding & Casualty Company, has the duty to defend Wilfred in a civil damages action brought by the young victim [1] of unlawful

---

1. The victim's parents joined her as her next friends in bringing the civil action against Wilfred Perreault. The Perreaults joined the minor victim and her parents as defendants

with Maine Bonding in this declaratory judgment action now on appeal. In fact, however, Maine Bonding has been the only active defendant in the case.

sexual contact for which Wilfred had been convicted.[2] The Superior Court (York County, *Perkins, J.*) granted Maine Bonding's motion for summary judgment on Perreault's complaint, finding that despite Perreault's argument that he did not intend to harm the child, the harm necessarily followed from the intentional sexual abuse and that the insurance policy's exclusion for "injury ... expected or intended by the insured" absolved Maine Bonding of any duty to defend.[3] Perreault appeals that decision, but we affirm.

In the underlying three-count complaint, the victim pleads offensive touching constituting a battery (causing psychological injury and emotional distress), intentional infliction of emotional distress, and actual or implied malice justifying punitive damages. There is no implied negligence or recklessness in any of these claims as pleaded. The battery alleged in the first count is by definition an intentional tort. *See* W. Prosser, *Law of Torts* § 10, at 35–36 (4th ed. 1971) ("Mere negligence, or even recklessness, which creates only a risk that the contact will result, may afford a distinct cause of action in itself, but under modern usage of the term is not enough for battery"). *See also Restatement (Second) of Torts* § 20, at 35 (1965). The second and third counts clearly allege that Perreault intended to harm the child.

Perreault relies heavily on *Burns v. Middlesex Ins. Co.*, 558 A.2d 701 (Me.1989), and *Patrons–Oxford Mut. Ins. Co. v. Dodge*, 426 A.2d 888 (Me.1981), in contending that because he did not subjectively intend the injury pleaded by the victim in her complaint, the "expected or intended injury" exclusion in his homeowner's policy does not apply. Under those cases we have held that if there is any possibility that the evidence at trial could establish that the tort in question was not intention-al, the insurance companies have a duty to defend an insured accused of tortious conduct. *See Burns*, 558 A.2d at 702; *Merrimack Mut. Fire Ins. Co. v. Brennan*, 534 A.2d 353, 354 (Me.1987); *Patrons–Oxford*, 426 A.2d at 891.

The crime for which Perreault was convicted, however, cannot support a finding of injury other than the expected or intended injury excluded by the homeowner's policy. To be convicted of unlawful sexual contact, the actor must have perpetrated the contact "for the purpose of arousing or gratifying sexual desire." 17–A M.R.S.A. §§ 255, 251(1)(D) (Supp.1989). By definition, Perreault was not convicted of any inadvertent or negligent touching of the victim's genitals. He makes no such claim, nor could he in view of his criminal conviction. He, however, asserts that he did not "expect" or "intend" any injury to the young child as a result of the criminal sexual contact. We cannot, however, accept that any factfinder could rationally give any credit to Perreault's assertion. On any objective basis, anyone intentionally committing the offense of unlawful sexual contact against a child is bound to expect that psychological and emotional harm will result. Harm from the sexual abuse of a child is so highly likely to occur that the intent to commit the act inherently carries with it the intent to cause the resulting injury. We rule as a matter of law that any injury produced by a criminal act of sexual abuse against a child is "injury—expected or intended by the insured" within the meaning of the homeowner's exclusion.

Our decision today is consistent with the holding of the overwhelming majority of courts that "because injury always ensues, the offender is deemed to intend any injury resulting from the act as a matter of law." *Whitt v. DeLeu*, 707 F.Supp. 1011, 1015

---

**2.** In 1987 Perreault was convicted by a Superior Court jury of the crime of unlawful sexual contact committed against a 6½-year-old girl, in violation of 17–A M.R.S.A. § 255(1)(C) (Supp. 1986). We affirmed that conviction in *State v. Perreault*, 531 A.2d 1022 (Me.1988). For convenience we will treat Wilfred Perreault as the sole plaintiff in this declaratory judgment action.

**3.** Section II of the Perreaults' homeowner's insurance policy reads in pertinent part:

1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:
   a. which is expected or intended by the insured.

(W.D.Wis.1989).[4] As the court in *Whitt* summarized,

a person who sexually manipulates a minor cannot expect his insurer to cover his misconduct and cannot obtain such coverage simply by saying that he did not mean any harm. The courts following the majority approach have concluded that sexual misconduct with a minor is so substantially certain to result in harm to the minor victim, that the perpetrator cannot be allowed to escape society's determination that he or she is expected to know better. Hence, these courts infer the intent to harm as a matter of law in sexual misconduct liability insurance cases involving minors.

*Id.* at 1016. Furthermore, homeowner's coverage for criminal sexual abuse of children is undoubtedly outside the contemplation of the parties to the insurance contract; indeed, " '[t]he average person purchasing homeowner's insurance would cringe at the very suggestion that [the person] was paying for such coverage. And certainly [the person] would not want to share that type of risk with other homeowner's policyholders.' " *Altena v. United Fire & Casualty Co.*, 422 N.W.2d 485, 490 (Iowa 1988) (citation omitted). Denial of coverage is also "in accord with the general rule that insurance to indemnify an insured against his or her own violation of criminal statutes is against public policy and, therefore, void." *Id.*

Under the homeowner's policy issued to Perreault, Maine Bonding has no obligation to defend him in the civil liability suit brought against him by the young victim of his criminal act of unlawful sexual contact.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** *Whitt v. DeLeu,* 707 F.Supp. 1011 (W.D.Wis. 1989), summarizes the recent rulings of fourteen jurisdictions in which courts have found no duty to defend under homeowners' policies for civil liability arising from sexual misconduct against minors. *See id.* at 1014, n. 4. *See also* Annotation, *Construction and Application of Provision of Liability Insurance Policy Expressly Excluding Injuries Intended Or Expected by Insured,* 31 A.L.R.4th 957 § 12(s) (1984).