1997 ME 19

### HANOVER INSURANCE CO.

v.

### Ngoclien Thi CROCKER, et al.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1996.

Decided Feb. 4, 1997.

Martica S. Douglas (orally), Douglas, Whiting, Denham & Rodgers, Portland, for plaintiff.

Joyce Mykleby, Machias, for Ngoclien Crocker.

John P. Foster (orally), Eastport, for Mary Crocker.

Rebecca Irving, Machias, co-counsel for Mary Crocker.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Hanover Insurance Co. appeals from the summary judgment entered in the Superior Court (Washington County, *Marden J.*) in favor of Ngoclien Thi Crocker and Mary Crocker on Hanover's complaint requesting a declaration that Hanover has no obligation to defend or indemnify Ngoclien in connection with a civil action brought by Mary against Ngoclien. On appeal, Hanover contends that it has no duty to defend or indemnify because 1) the allegations against Ngoclien do not constitute an "occurrence" under the insurance policy, 2) the policy's exclusion for injuries expected or intended from the standpoint of the insured applies to the injuries Mary alleges that she suffered, and 3) there is a strong public policy disfavoring insurance coverage for injuries resulting from sexual abuse. We conclude that Hanover has a duty to defend Ngoclien. Because a determination of whether a duty to indemnify exists would be premature, however, we modify the judgment and affirm the judgment as modified.[1]

---

1. The Superior Court concluded that Hanover had a duty to defend and to indemnify Ngoclien. Although we agree with the court's conclusion with respect to the duty to defend, we vacate the portion of the judgment declaring that Hanover has a duty to indemnify Ngoclien. An insurer

[¶ 2] Hanover issued a homeowner's policy to Thomas Crocker for the period between June 30, 1975, and June 30, 1978. Mary is the daughter of Thomas and Ngoclien and has filed a complaint in the Superior Court against Thomas and Ngoclien alleging that Thomas engaged in repeated sexual activity with her beginning in 1976 when she was five years old. *Mary Crocker v. Thomas Crocker and Ngoclien Thi Crocker*, CV–94–78.[2] As against Ngoclien, the complaint alleges that after seeing one instance of sexual abuse, she negligently failed to take positive steps to assure that Thomas had no further opportunity to abuse Mary.

[¶ 3] Ngoclien requested Hanover to defend and indemnify her with respect to Mary's civil action.[3] After denying Ngoclien's request, Hanover filed the complaint in this action for a declaratory judgment that Hanover has no obligation to defend or indemnify Ngoclien. The court denied Hanover's motion for a summary judgment and granted a summary judgment for Mary and Ngoclien, *see* M.R.Civ.P. 56, both on the duty to defend and the duty to indemnify. This appeal followed.

### I.

[¶ 4] In cases involving the construction of the language of an insurance contract, the meaning of unambiguous language is a question of law. *Globe Indem. Co. v. Jordan*, 634 A.2d 1279, 1282 (Me.1993). Hanover contends that the court erred in determining that the policy's requirement of an occurrence was satisfied by the allegations against Ngoclien. The liability portion of the Hanover policy in Section II, Coverage E, "Personal Liability," states:

> This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or prop-

erty damage, to which this insurance applies, caused by an occurrence.

The policy defines "occurrence" as:

> [A]n accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage.

[¶ 5] Hanover contends that the policy's requirement of an "occurrence," as the requisite trigger of coverage, denotes a concept of "accident" that is not present in the alleged conduct of Ngoclien. Hanover contends that there is nothing accidental about Ngoclien's conduct or Mary's ensuing injuries. Hanover argues that Ngoclien's knowledge that sexual abuse was occurring was so certain to result in injury that an intent to injure is implied as a matter of law, and therefore, her conduct cannot be considered "accidental." Hanover also urges this Court to follow *Mutual of Enumclaw v. Wilcox*, 123 Idaho 4, 843 P.2d 154 (1992). In *Wilcox*, the court focused on the actions that caused the injury from the perspective of the intentional tortfeasor in determining whether the requirement of an accident was met. We are not persuaded by Hanover's contentions and conclude that the complaint alleges an "occurrence" as defined by the policy. The complaint alleges "negligent" conduct by Ngoclien in that she had knowledge that the abuse had occurred and negligently failed to protect Mary from any further abuse. The general rule is that injuries resulting from negligent conduct are considered "accidental" and not "expected or intended" and that those injuries are therefore caused by an occurrence within the language of a homeowner's policy. *See Worcester Ins. Co. v. Fells Acres Day School*, 408 Mass. 393, 558 N.E.2d 958, 964 (1990). We agree with the general rule. The negligent conduct of Ngoclien alleged in Mary's complaint falls within the meaning of an accident, and accordingly

---

may not litigate its duty to indemnify until the liability of the insured has been determined. *See State Mut. Ins. Co. v. Bragg*, 589 A.2d 35, 36 (Me.1991). The duty to defend is broader than the duty to indemnify, and an insurer may have to defend before it is clear whether a duty to indemnify exists. *Id.*

2. A judgment for Mary has been entered in the Superior Court by stipulation in the amount of $200,000 against Thomas only.

3. Hanover does not dispute that Ngoclien is insured pursuant to the policy. *Cf. Johnson v. Allstate Ins. Co., et al.*, 1997 ME 3, 687 A.2d 642.

is an occurrence within the language of Hanover's policy.

## II.

[¶ 6] Hanover also contends that liability for Mary's injuries is excluded pursuant to the additional policy term excluding personal liability coverage for injuries "either expected or intended from the standpoint of the insured."[4] Hanover contends that Ngoclien knew that her husband was abusing Mary but failed to take action to assure that such sexual activity cease. Hanover argues that injuries resulting from a failure to protect a child from further abuse are certainly expected within the meaning of the exclusion. We disagree.

[¶ 7] The policy exclusion is limited and excludes coverage only for bodily injury or property damage that is either expected or intended from the standpoint of "the insured." *See Perreault v. Maine Bonding & Casualty Co.*, 568 A.2d 1100, 1101 (Me.1990) ("any injury produced by a criminal act of sexual abuse against a child is 'injury-expected or intended by the insured' within the meaning of the homeowner's exclusion"). Mary does not allege that Ngoclien acted intentionally, but only negligently. Because injury from negligent acts are considered accidental, *Worcester Ins. Co. v. Fells Acres Day School*, 558 N.E.2d at 964, such injury is not injury expected or intended from the standpoint of Ngoclien, one of the insureds covered pursuant to Hanover's policy.

[¶ 8] Our conclusion is consistent with the majority of other jurisdictions that have held that provisions excluding from coverage injuries intentionally caused by "the insured" refer to a definite, specific insured, who is directly involved in the occurrence that causes the injury. *Western Casualty & Surety Co. v. Aponaug Mfg. Co.*, 197 F.2d 673, 674 (5th Cir.1952) (use of "the" insured would not affect coverage of other insureds); *Arenson v. National Auto. and Casualty Ins. Co.*, 45 Cal.2d 81, 286 P.2d 816, 818 (1955) (use of "the" insured in exclusion clause did not preclude recovery of other insureds); *Pawtucket Mut. Ins. Co. v. Lebrecht*, 104 N.H. 465, 190 A.2d 420, 423 (1963) (use of "the" and "an" insured in same policy indicates an intent to cover different situations; "the" insured refers to definite, specific insured who is seeking coverage); *Unigard Mut. Ins. Co. v. Argonaut Ins. Co.*, 20 Wash. App. 261, 579 P.2d 1015, 1019 (1978) (coverage and exclusion defined in terms of "the" insured create separate obligations to several insureds). The "the insured" language in this policy differs from the "an insured" exclusion language present in other policies. Such "an insured" language in an exclusion clause is equated with "any insured" and means that the conduct of any insured that is excluded from coverage bars coverage for each insured under the policy. *See Johnson v. Allstate Ins. Co., et al.*, 1997 ME 3 at ¶ 7, 687 A.2d 642 and cases cited therein. Such is not the case with the policy providing coverage to Ngoclien.

## III.

[¶ 9] Hanover finally contends that requiring it to provide coverage for injury resulting from sexual abuse contravenes the strong public policy articulated in *Perreault v. Maine Bonding & Casualty Co.*, 568 A.2d 1100 (Me.1990). Hanover argues that allowing coverage to the non-perpetrator who fails to prevent the abuse would allow homeowners' coverage for child molestation claims through a back door. We disagree. Public policy does not prohibit insurance coverage for an insured whose negligence contributed to an injury from sexual abuse. *Perreault* makes clear that indemnifying a child abuser for his own criminal conduct is against public policy. In *Perreault*, we disallowed homeowners' coverage for the perpetrator of child sexual abuse noting that

[H]omeowner's coverage for criminal sexual abuse of children is undoubtedly outside the contemplation of the parties to the insurance contract; indeed, " '[t]he average person purchasing homeowner's insurance would cringe at the very suggestion

---

4. Exclusion (f) provides that the policy does not apply:

(f) *[T]o bodily injury or property damage which is either expected or intended from the standpoint of the insured.*

that [the person] was paying for such coverage. And certainly [the person] would not want to share that type of risk with other homeowner's policyholders.'"

568 A.2d at 1102. (citation omitted). In *Perreault* the perpetrator himself was seeking coverage for an intentional act.[5] In this case, the complaint against Ngoclien alleges negligent conduct by Ngoclien. By its own terms, the language of Hanover's policy provides coverage for that unintentional conduct. Public policy prohibiting coverage for inten-

tional sexual abuse does not override the language of this insurance contract.

The judgment is:

Judgment modified to reflect Hanover's duty to defend only. As redefined, judgment affirmed.

---

5. "The complaint alleged intentional acts ... [t]here is no implied negligence ... in any of these claims as pleaded." *Perreault v. Maine Bonding & Casualty Co.*, 568 A.2d at 1102.