STATE OF MAINE

ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-011

SALLY KORHONEN,
on behalf of BOBBY-SUE WALTON,

Plaintiffs

v.

ALLSTATE INSURANCE CO.,

Defendant

ORDER

RECEIVED & FILED

JUN 0 4 2002

ANDROSCOGGIN
SUPERIOR COURT

DONALD L. GARBRECHT
LAW LIBRARY

JUN 20  2002

Plaintiffs initiated this case as a "reach and apply" action pursuant to 24-A M.R.S.A. § 2904, wherein they seek to recover from defendant to satisfy a judgment obtained in a separate action.

The basic facts are not in dispute and both parties have moved for summary judgment.

William and Margaret Korhonen are the grandparents of Bobby-Sue Walton, a minor. William provided alcohol to and sexually assaulted Bobby-Sue in his home while Margaret was present. As a result of his actions, William was convicted for criminal offenses of unlawful sexual contact and furnishing alcohol to minors.

In a separate civil action in this court (CV-99-197) against William and Margaret Korhonen., the court entered judgments (*Studstrup, J.*) against both William and Margaret. The judgment against William was for $220,000, and the judgment against Margaret was for $115,000. This case followed and plaintiffs seek to recover the judgment amounts from the grandparents' homeowner's policy.

The defendant Allstate holds a homeowner's policy, which covers William and Margaret, and which is the subject of this action. The policy is subject to the following key exclusion:

> We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of any insured person. This exclusion applies even if:
>
> a) such insured person lacks the mental capacity to govern his or her conduct;
> b) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected;
> c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime.

It is clear that William's actions are excluded from coverage. Even the plaintiff, in her own motion for summary judgment, seems to recognize this point as her arguments center around an interpretation of Maine law to provide coverage as a result of Margaret's negligent conduct in allowing the activity to occur in the household.

In *Perreault v. Maine Bonding & Cas. Co.*, 568 A.2d 1100 (Me. 1990), the Law Court said:

> [H]omeowner's coverage for criminal sexual abuse of children is undoubtedly outside the contemplation of the parties to the insurance contract; indeed, the average person purchasing homeowner's insurance would cringe at the very suggestion that the person was paying for such coverage. And certainly, the person would not want to share that type of risk with other homeowner's policyholders.

*Id.* at 1102.

Additionally, the Court stated that "[d]enial of coverage is also 'in accord with the general rule that insurance to indemnify an insured against his or her own violation

2

of criminal statutes is against public policy and, therefore, void.'" *Id.* (citing *Altena v. United Fire & Casualty Co.*, 422 N.W.2d 485, 490 (Iowa 1988).

As a result, summary judgment for the defendant as to claims for William's actions is appropriate.

The plaintiff seeks to show that Margaret was negligent in a manner that coverage would be available under the policy. She notes that "the [Law] Court has been receptive to actions alleging negligence on the part of a spouse whose negligent actions contributed to the injuries sustained by the sexual abuse." Plaintiff's reply memorandum, page 2 (citing *Cambridge Mut. Fire Ins. Co. v. Perry*, 1997 ME 94, 692 A.2d 1388, and *Hanover Ins. Co. v. Crocker*, 1997 ME 19, 688 A.2d 928). In turn, the defendant relies upon *Johnson v. Allstate*, 687 A.2d 642 (Me. 1997).

These cases seemingly reach alternate conclusions as to whether or not an insured's negligent conduct is excluded from coverage under a homeowner's policy where the injury resulted from the co-insured's intentional conduct.

The difference-maker in each of the cases is a very precise reading of the homeowner's policy. In *Royal Ins. Co. v. Pinette*, 2000 ME 155, 756 A.2d 520, 524, the Law Court explained the difference in the Crocker and Johnson Decisions. The Court stated:

> In *Crocker*, the policy excluded only the injuries caused by the intentional acts of "the insured," thereby permitting coverage to extend to injuries negligently caused by another insured. In *Johnson*, however, the policy excluded coverage for injuries arising from the intentional act of "any insured," thereby barring coverage for each insured under the policy.

If this court strictly applies the holdings of *Crocker* and *Johnson*, guided by the Law Court's explanation in *Pinette*, then the defendant is entitled to prevail.

3

The language of the Korhonens' policy excludes from coverage: "the intentional or criminal acts or omissions of *any* insured person." (Emphasis added.) Allstate is not required to indemnify for Margaret's negligence.

The clerk will make the following entries as the judgment of the court:

1.  Plaintiffs' Motion for Summary Judgment is denied.

2.  Defendant's Motion for Summary Judgment is granted.

3.  No costs awarded.

So Ordered.

DATED: June 4, 2002

Thomas E. Delahanty II
Justice, Superior Court

4

Date Filed __January 18, 2001__ ANDROSCOGGIN          Docket No. __CV-01-11__
                                County

Action __DECLARATORY JUDGMENT__

SALLY KORHONEN o/b/o BOBBY-SUE WALTON          ALLSTATE INSURANCE COMPANIES
Auburn, Maine                                  Lewiston, Maine


                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Edward Rabasco, Jr., Esq.      BAR #3598 | Martica S. Douglas, Esq. |
| GOSSELIN, DUBORD & RABASCO, P.A. | DOUGLAS, DENHAM, BUCCINA & ERNST |
| 86 Lisbon st., P.O. Box 1081 | 103 Exchange St., P.O. Box 7108 |
| Lewiston, ME 04243 | Portland, ME 04112-7108 |

| Date of Entry | |
|---|---|
| 2001<br>Feb. 8: | Received 1-18-01.<br>Filing fee paid. ($100.00) Rec. #1-18-01 #14<br>Summary Sheet, filed.<br>Complaint with Attached Exhibits A & B, filed.<br>Summons filed showing officer's return of service on 1-4-01 upon the defendar through C.T. William Richardson. |
| " " | Received 1-24-01.<br>Defendant's Answer to Complaint, filed.<br>Martica S. Douglas, Esq. appears on behalf of the defendant. |
| Feb 21 | Received 02-21-01:<br>Scheduling Order filed. (Delahanty, J.)<br>    "Scheduling Order filed. **Discovery deadline is October 21, 2001.**"<br>Copies mailed to Edward Rabasco, Jr. Esq. and Martica Douglas, Esq. on 02-21-01. |
| Mar 14 | Received 03-13-01:<br>$300.00 jury fee paid by plaintiff receipt #6 on 03-13-01. |
| March 27: | Received 3-27-01.<br>Plaintiff's Notification of Discovery Service, filed.<br>Plaintiff's Interrogatories Propounded upon Defendant Allstate Insurance and Plaintiff's Request for Production of Documents served on Allstate Insurance Company c/o Martica S. Douglas, Esq. on March 22, 2001. |
| April 19:<br>" " | Recieved 4-17-01.<br>Defendant's Motion to Extend the Discovery Response Deadline, filed.<br>Proposed Order, filed. |
| April 26: | Received 4-20-01.<br>Order, filed. (Delahanty, II, J.)<br>    it is hereby ORDERED:<br>    The motion is GRANTED.  The Defendant's deadline to respond to Plaintiff's discovery requests is hereby extended to May 15, 2001.<br>Copies mailed Edward Rabasco, Jr., Esq. and Martica S. Douglas, Esq. on 4-26-01. |