STATE OF MAINE                                            SUPERIOR COURT
CUMBERLAND, ss.                                          CIVIL ACTION
                                                                    DOCKET NO: CV06-227



PETR IVANOV

                    Plaintiff
                                                          **ORDER ON DEFENDANT'S**
                                                          **MOTION FOR SUMMARY**
                                                          **JUDGMENT**
        v.


PHENIX MUTUAL INSURANCE CO.
                    Defendant


        This matter comes before the Court on Defendant's motion for summary

judgment pursuant to M.R. Civ. P. 56(c).

## BACKGROUND

        Plaintiff Petr Ivanov ("Ivanov") is a resident of Moscow, Russia. Iouri

Tchestnov ("Tchestnov") of Portland, Maine is Ivanov's father-in-law and holds

a power of attorney for Ivanov. Defendant Phenix Mutual Insurance Co.

("Phenix Mutual") is a New Hampshire corporation doing business in Maine.

        In March 2003, Tchestnov entered into a contract to buy property in

Ivanov's name, as the Ivanov/ Tchestnov family wanted to buy and restore a

home in Maine to reside in together. Closing on the property, located at 124

Flagg Mill Road in Naples, Maine, occurred in April 2003. After the purchase,

Tchestnov began making repairs on the home, including fixing frozen water

pipes, installing siding and heating, and interior finishing. He occasionally

stayed in the house while working on it in the summer, but he actually lived in

an apartment in Portland. Ivanov never lived at the Naples home and has only

1

visited the United States once, in the late 1990s. In all of Ivanov's Maine transactions, Tchestnov acted as his representative via the power of attorney.

Tchestnov, who does not speak English, obtained insurance on the Naples home in December 2003 through Southern Maine Insurance Agency. The initial policy was a builder's risk policy with Zurich Assurance Company of America. At renewal in December 2004, the agency advised Tchestnov that he needed increased coverage due to the renovations, and it obtained a homeowner's policy for Ivanov and Tchestnov through Phenix Mutual.

The Ivanov property was destroyed by fire in February 2005. Ivanov alleges that he properly filed a claim, but Phenix Mutual has not paid it. Through Tchestnov, Ivanov filed suit in April 2006, alleging breach of the insurance contract. Phenix Mutual answered and filed a counterclaim, seeking a declaratory judgment that the property was not covered by the policy because Petr Ivanov, the named insured, never lived there and only "residence premises" are covered. Also, it requests a declaratory judgment that Tchestnov does not have the legal authority to collect insurance proceeds, which only named insureds can receive.

In response to the counterclaim, Ivanov argues that it fails to state a claim and that Tchestnov was legally authorized to act on his behalf. He also notes that, although Ivanov did not yet reside there, the property was being used as residential property. Phenix Mutual now moves for summary judgment on the complaint and counterclaim, arguing that Ivanov cannot recover under its policy because the Naples property was not his "residence premises."

2

## DISCUSSION

1. <u>Summary Judgment Standard.</u>

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

2. <u>Is Summary Judgment Warranted on the Breach Claim?</u>

In an action for breach of contract, the plaintiff bears the burden to demonstrate: "(1) the existence of a valid and binding contract between the parties; (2) that one party breached its duties with respect to the contract; [and] (3) that the other party suffered damages resulting from the alleged breach." *Wheeler v. The Hartford Ins. Co.*, CUMSC-CV-2002-084 (Me. Super. Ct., Cum. Cty., Nov. 24, 2003) (Crowley, J.) (*citing Govan v. Trs. of Boston Univ.*, 66 F. Supp. 2d 74, 82 (D. Mass. 1999)).

"An insurance policy is a contract, which provides terms delineating the categories of liabilities the insurer commits itself to cover and the extent of coverage available for liabilities covered." *Korhonen v. Allstate Ins. Co.*, 2003 ME 77, ¶ 9, 827 A.2d 833, 836. This court engages in a de novo review when interpreting an insurance policy and when determining whether the policy's language is ambiguous, both of which are legal questions. *Id.* The terms of an insurance contract are ambiguous when they are "reasonably susceptible of different interpretations," and if the contract is ambiguous, it "will be strictly construed to resolve ambiguities in favor of coverage." *Id.* (citations omitted).

Here, there clearly is a contract, and this Court must assess the language of its provision regarding "residence premises." Ivanov contends that there is a genuine issue of material fact regarding what Tchestnov knew about the scope of coverage when he obtained the policy, but does not explain why the provision is ambiguous. He simply notes that ambiguity is construed against the insurer. Phenix Mutual argues that its "residence premises" terminology is unambiguous and Ivanov's property was not his residence premises.

This Court addressed the construction of this term in *Wheeler*. There, the plaintiff obtained an insurance policy on property that technically was not her "residence premises" as the term was defined in the insurance contract. 2003 Me. Super. LEXIS 225 at *3. The court determined that there was a valid insurance contract, but because the language clearly limited coverage to "residence premises" and the plaintiff did not live there, the contract did "not cover her losses." *Id.* The definition of "residence premises" in *Wheeler* is identical to the language in Ivanov's policy, which defines the term as: "(a) The one family dwelling, other structures, and grounds; or (b) That part of any other building"

in which the insured lives "and which is shown as the residence premises in the Declarations." Homeowner's Policy, p. 1 of 18. This language is not ambiguous.[1] Moreover, interpreting the term "residence premises" to mean the property where the policy owner lives is consistent with Maine jurisprudence in addition to *Wheeler*. *See Gilbert v. Hanover Ins. Co.*, 2002 ME 67, ¶ 19, 796 A.2d 57, 62 (discussing the term "residence premises" in the context of an ex-wife's argument that the insurer should provide "loss of use" payments to her because she was actually living in the former marital home at the time of a fire).

Alternatively, Tchestnov argues that Phenix is bound by the contract because Tchestnov relied on the agency that procured the policy, and the agency never asked who lived in the home. Phenix Mutual contends that it relied on Tchestnov's expressed intention that Ivanov's property was an owner-occupied residence, although Ivanov never lived there. Indeed, at Tchestnov's deposition, he admitted that Ivanov is still in Moscow. He also testified that if Ivanov and his family were unable to move when the renovations were complete, Tchestnov planned to sell the property and split the profits with someone who helped him make the repairs.[2]

At any rate, neither the company nor the agency was required to undertake an investigation to determine who actually lived at the property. Tchestnov relied on the agency to provide coverage, and the agency relied on his representations when it agreed to do so. Under these circumstances, Phenix Mutual is not obligated to provide coverage because its policy expressly and

---

[1] Tchestnov and Ivanov do not explain the alleged ambiguity of the words "residence premises;" instead, they contend that the broader definition of "insured location" should control, but this term is not related to guarantees of coverage. It is found in a separate part of the policy that addresses the company's liability for injuries to people at the "insured location."

[2] Tchestnov deposition, page 24, lines 11-12.

unambiguously limits coverage for a dwelling to the dwelling that is the "residence premises." Homeowner's Policy, p. 2 of 18. As the Naples property was never Ivanov's residence, no breach of contract occurred when Phenix Mutual did not pay the claim. Summary judgment is granted in favor of Phenix Mutual.[3]

The entry is:

Defendant's motion for summary judgment is GRANTED.
Judgment is entered for Defendant.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _May 15, 2007_

Roland A. Cole
Justice, Superior Court

---

[3] The Court need not reach the question of whether Tchestnov would have had the authority to collect insurance money on behalf of Ivanov.

PAUL BOOTS ESQ
PO BOX 7469
PORTLAND ME 04112

— ρ|

— ᗪᐢ

LANCE WALKER ESQ
PO BOX 4600
PORTLAND ME 04112