STATE OF MAINE                          SUPERIOR COURT
WALDO, SS.                              DOCKET NO. CV- 22-22


248 NORTHPORT, LLC                )
                    Plaintiff     )
                                  )        ORDER GRANTING
                    v.            )        MOTION TO
                                  )        DISMISS COMPLAINT
KINSALE INSURANCE COMPANY         )
                    Defendant     )


On November 30, 2022, the Defendant filed its Motion to Dismiss the
pending Complaint. The Defendant contends the Complaint fails to state a
claim upon which relief can be granted. The facts as alleged in the
Complaint are treated as admitted for purposes of the Court's consideration
of this pending motion, and would support the following factual background.

On or about January 25, 2018, the Plaintiff, and Future Farm Maine and
Future Farm Technologies. Inc. entered into a lease for the premises located
at 248 Northport Ave. in Belfast Maine. Future Farm Maine was the tenant
at the premises, and Future Farm Technologies guaranteed the lease. During
the term of the lease, Future Farm Maine caused significant damage to the
leased premises resulting in a loss to the Plaintiff.

The Plaintiff sought and obtained a default and default judgment against
Future Farm Maine and Future Farm Technologies. That default judgment
specifically stated that "Defendant Future Farm Maine, LLC, breached the

lease by negligently causing damages to the premises at 248 Northport Ave. in Belfast, Maine."

In the pending complaint, the Plaintiff seeks, through a reach and apply claim, to enforce a judgment against this Defendant, Kinsale Insurance Company, (hereinafter "Kinsale") based on an insurance policy[1], which Future Farm Maine obtained from Kinsale purportedly in accordance with the provisions of the lease agreement between the Plaintiff and Future Farm Maine, LLC. The insurance policy, which is identified as a Commercial General Liability Policy, includes a provision excluding coverage for certain property damage which states, in pertinent part,

2. Exclusions
   This insurance does not apply to:
   ...

   j.    Damage To Property

         "Property damage" to:
                  (1) Property you own, rent, or occupy, including
                      any costs or expenses incurred by you, or any
                      other person, organization or entity, for repair,
                      replacement, enhancement, restoration or
                      maintenance of such property for any reason,
                      including prevention of injury to a person or
                      damage to another's property.

---

[1] The Court was presented with the provisions of the insurance policy as part of the memoranda submitted in support of the pending motion to dismiss. Neither party raises any challenge to the authenticity of this document, or consideration or the policy terms by the court without converting the pending motion into one for summary judgment.

## ANALYSIS

In *Jacobi v. MMG Ins. Co., 2011 ME 56, ¶14*, the Law Court addressed the application of Maine's reach and apply law when it stated,

> [i]n applying the reach and apply statute, 24-A M.R.S. § 2904, we look to the basis for liability and damages that has been asserted in the underlying complaint and found in the underlying judgment. We then look to the homeowner's insurance policy to determine if any of the damages awarded in the underlying judgment are based on claims that would be recoverable pursuant to the homeowners policy. *See Pelkey v. Gen. Elec. Capital Assur. Co.*, 2002 ME 142, ¶ 10, 804 A.2d 385, 387. Although any ambiguities in an insurance contract are construed in favor of coverage, *Korhonen v. Allstate Ins. Co.*, 2003 ME 77, ¶ 9, 827 A.2d 833, 836, the party seeking to recover pursuant to the reach and apply statute, here Jacobi, has the burden to demonstrate that her awarded damages fall within the scope of the insurance contract. *See Pelkey*, 2002 ME 142, ¶ 10, 804 A.2d at 387.

The question, then presented in the pending motion to dismiss is whether there are any ambiguities in the insurance policy at issue, particularly with respect to the exclusions provision noted above. The defendant's memorandum in support of its motion to dismiss refers to the exclusion provision, as the "own, rent or occupy" exclusion, and cites to numerous court decisions, where similar type exclusions have been found not to be ambiguous, and thus enforceable.

This Court is also persuaded that the specific "own, rent or occupy" provision contained in the policy issued to Future Farm Maine by the Defendant does not create any ambiguity and, when applied to the factual

3

circumstances relating to the damages which formed the basis for the default judgment rendered against Future Farm Maine, and Future Farm Technologies, Inc., would preclude coverage of that claim. Accordingly, the Court hereby grants the Defendant's pending Motion to Dismiss the Complaint.

The Clerk is directed to incorporate this Order, by reference, in accordance with MRCivP 79(a).

Date: 2/9/23

_____
SUPERIOR COURT JUSTICE

4