2005 ME 13

**SARAH G. et al.**

v.

**MAINE BONDING & CASUALTY COMPANY et al.**

Supreme Judicial Court of Maine.

Argued: Nov. 17, 2004.
Decided: Jan. 20, 2005.

Timothy J. Bryant (orally), Roy T. Pierce, Preti Flaherty Beliveau Pachios & Haley, L.L.P., Portland, for appellants.

Martica S. Douglas, Douglas, Denham, Buccina & Ernst, Portland, Stephen J. Abarbanel, Elizabeth C. Sackett (orally), Robinson & Cole, L.L.P., Boston, MA, for appellees.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

**CALKINS, J.**

[¶ 1] Sarah G. and Bianca G. filed this reach and apply action, 24–A M.R.S.A. § 2904 (2000), against Maine Bonding & Casualty Company. Maine Bonding insured the Chalet Motel where one of the motel owners sexually exploited Sarah and Bianca when they were aged thirteen and twelve. They brought an action against the motel and the motel owners for negligence, negligent infliction of emotional distress, and other claims and obtained a stipulated judgment for two million dollars.[1] They then filed this action, and the Superior Court (Androscoggin County, *Delahanty, J.*) granted a summary judgment to Maine Bonding from which Sarah and Bianca appeal. They contend that the court erred in concluding that their claims in the underlying action fall within the exclusionary language in the insurance policy. We affirm the judgment.

## I. FACTS AND PROCEDURAL HISTORY

[¶ 2] Martin S. Finley and his wife at the time, Jennifer M. Lewis, owned the Chalet Motel in Lewiston. When Sarah was thirteen years old and her sister Bianca was twelve, Finley paid them and two of their friends to dance and pose nude or partially nude for photographs at the motel and at outdoor locations in the area. At times Finley gave the girls beer and wine coolers and allowed them to spend the night at the motel with false name and age registrations. These events led to Finley's convictions on four counts of sexual exploitation of a minor. 17 M.R.S.A. § 2922(1)(A) (1983).[2]

---

**1.** The named plaintiffs in the judgment were Sarah and her mother as parent and next friend of Bianca. The mother was also a named plaintiff in the reach and apply complaint, but during the pendency of that action,

Bianca reached her majority and was substituted as a party for her mother.

**2.** Title 17 M.R.S.A. § 2922 has since been repealed and replaced by P.L. 2003, ch. 711

[¶ 3] Sarah and Bianca brought the underlying action, which included claims of negligence and negligent infliction of emotional distress, against Finley, Lewis, and the Chalet Motel. Maine Bonding had issued a commercial general liability policy to the motel. Lewis notified Maine Bonding of the lawsuit, but it declined to provide a defense. The Superior Court entered a stipulated judgment of two million dollars in favor of the plaintiffs for negligent infliction of emotional distress as to Finley and negligent supervision as to Lewis and the motel.[3]

[¶ 4] Finley, Lewis, and the motel assigned to Sarah and Bianca their claims against Maine Bonding for failure to defend and indemnify them in the suit. Sarah and Bianca brought this reach and apply action to recover the two million dollar judgment, contending that Maine Bonding had a duty under the provisions of the general liability policy to indemnify the motel. Maine Bonding moved for summary judgment on the basis, inter alia, that coverage was excluded under the policy's "abuse or molestation" exclusion. After originally denying the motion, the Superior Court reconsidered and issued a judgment for Maine Bonding holding that the exclusionary clause applied.

## II. DISCUSSION

[¶ 5] We review a summary judgment de novo to determine if the prevailing party was entitled to judgment as a matter of law. *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179; *Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The parties agree, and the statements of material fact reveal, that there are no genuine issues of material fact.

[¶ 6] The reach and apply statute, 24–A M.R.S.A. § 2904,[4] provides a cause of action to a person who recovers a final judgment against the judgment debtor to reach and apply insurance coverage to satisfy the judgment if (1) the judgment debtor was insured against such liability when the right of action accrued; and (2) the insurer was given notice of such accident, injury, or damage before the recovery of the judgment. *Marston v. Merchs. Mut. Ins. Co.*, 319 A.2d 111, 113 (Me.1974). It is undisputed that Maine Bonding had notice of the claims against its insured in the underlying action.

§ B–12 (effective July 30, 2004), *codified at* 17–A M.R.S.A. § 282 (Supp. 2004).

3. The complaint alleged that Lewis and the Chalet Motel had an innkeeper duty to protect guests from foreseeable injuries. The complaint alleged that Lewis and the Chalet Motel knew or reasonably should have known that its employee, Finley, had been convicted of a prior assault as the result of inappropriate contact with a minor female, and should have known that he posed a danger to female guests. The judgment dismissed the claims against Finley for battery, intentional infliction of emotional distress, and invasion of privacy.

4. Section 2904 provides, in part:
   § 2904. Judgment creditor may have insurance; exceptions

Whenever any person, administrator, executor, guardian, recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action, in his own name, against the insurer to reach and apply the insurance money, if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of such accident, injury or damage. The insurer shall have the right to invoke the defenses described in this section in the proceedings. 24–A M.R.S.A. § 2904 (2000).

[¶ 7] The sole issue on appeal is whether the policy provided coverage for the liabilities established by the underlying judgment. *See Hunnewell v. Liberty Mut. Fire Ins. Co.*, 588 A.2d 300, 302 (Me.1991). Unless the allegations of the claims upon which the underlying judgment are based establish liability covered by the policy, the insurer is not liable in a reach and apply action. *See Korhonen v. Allstate Ins. Co.*, 2003 ME 77, ¶ 11, 827 A.2d 833, 837. Therefore, we examine the allegations upon which the judgment is based to determine whether those claims would be covered by the policy.

[¶ 8] Because Sarah and Bianca agree that the claims against Finley come within the insurance policy's exclusion for expected or intended injuries, *see Perreault v. Me. Bonding & Cas. Co.*, 568 A.2d 1100, 1101 (Me.1990), we only address whether the negligence claims against Lewis and the Chalet Motel are precluded by the policy.

[¶ 9] Maine Bonding relies upon the following exclusion:

This insurance does not apply to "bodily injury," "property damage," "advertising injury" or "personal injury" arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
2. The negligent:
   a. Employment;
   b. Investigation;
   c. Supervision;
   d. Reporting to the proper authorities, or failure to so report; or
   e. Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1. above.

Sarah and Bianca concede that if Finley's conduct constituted "abuse," the policy does not provide coverage for their negligence claims against Lewis and the Chalet Motel.

[¶ 10] The interpretation of an insurance contract is a matter of law that we review de novo. *Korhonen*, 2003 ME 77, ¶ 9, 827 A.2d at 836. Exclusions in an insurance contract are interpreted consistently with their obvious contractual purpose. *Acadia Ins. Co. v. Mascis*, 2001 ME 101, ¶ 11, 776 A.2d 617, 621. Although ambiguities in standard insurance policies drafted by the insurer are interpreted against the insurer, exclusionary language is not ambiguous if "an ordinary person in the shoes of the plaintiff would understand that the policy does not cover [his] claims." *Gross v. Green Mountain Ins. Co.*, 506 A.2d 1139, 1141 (Me.1986).

[¶ 11] We have not previously interpreted language in an insurance contract precluding coverage for injuries from "actual or threatened abuse or molestation." The term "abuse" is not defined in the policy, nor does the policy limit abuse to sexual or physical activity or to conduct involving minors.

[¶ 12] We disagree with Sarah and Bianca's contention that the term "abuse" is hopelessly broad and ambiguous. As applied to this case, the term unambiguously precludes coverage. "Contract language is ambiguous when it is reasonably susceptible of different interpretations." *Portland Valve, Inc. v. Rockwood Sys. Corp.*, 460 A.2d 1383, 1387 (Me. 1983). Here, "an ordinary person in the shoes of the plaintiff would understand," *Gross*, 506 A.2d at 1141, that the term "abuse or molestation" includes sexual exploitation of minor children. "The fact that a word may have several definitions does not necessarily render it ambiguous."

*Cmty. Action for Greater Middlesex County v. Am. Alliance Ins. Co.,* 254 Conn. 387, 757 A.2d 1074, 1082 (2000). Regardless of what other conduct falls within the scope of the "abuse or molestation" exclusion, it certainly includes the conduct at issue here.[5]

[¶ 13] A summary judgment is proper because Finley's sexual exploitation of Sarah and Bianca unambiguously falls within the scope of the policy's exclusion for abuse or molestation. Thus, the exclusion bars the negligence claims against Lewis and the motel. Because none of the claims forming the basis of the judgment are covered by the policy, Sarah and Bianca cannot recover the judgment from the insurers in the reach and apply action.[6]

The entry is

Judgment affirmed.

---

**5.** Our conclusion that the abuse or molestation exclusion unambiguously precludes recovery here comports with the decisions of other jurisdictions construing the same or similar policy exclusions. *See, e.g., Am. States Ins. Co. v. Bailey,* 133 F.3d 363, 370 (5th Cir.1998) (applying Texas law and holding that minister's sexual misconduct unambiguously fell within exclusion for "sexual action"); *McAuliffe v. N. Ins. Co. of N.Y.,* 69 F.3d 277, 279–80 (8th Cir.1995) (applying Missouri law and holding that policy exclusion for "actual or threatened abuse or molestation" covered claim against church where a parishioner was "sexually exploited" by priest); *Cmty. Action for Greater Middlesex County v. Am. Alliance Ins. Co.,* 254 Conn. 387, 757 A.2d 1074, 1082 (2000) (holding that an abuse or molestation exclusion unambiguously covered claim of sexual touching even though terms "abuse" and "molestation" were not defined).

**6.** The parties also dispute whether Sarah and Bianca's claims were barred by the expected or intended injury exclusion in the policy. Because the abuse or molestation exclusion independently bars all claims here, we do not address the legal or policy arguments bearing on the expected or intended injury exclusion.