STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-48

R... - .. -...

YORK INSURANCE COMPANY
OF MAINE, f/k/a COMMERCIAL
UNION YORK INSURANCE COMPANY,

Plaintiff

v.

ORDER ON PARTIES'
CROSS MOTIONS FOR
SUMMARY JUDGMENT

DONNA HODURSKI, Individually
and as mother and next friend of
HEATHER HODURSKI,

Defendants.

This matter is before the court on the parties' cross-motions for Summary

Judgment pursuant to M.R. Civ. P. 56.

## FACTUAL BACKGROUND

In 2002, Richard Sails was criminally charged with having unlawful sexual contact

with the defendant, Donna Hodurski's (hereinafter "Hodurski") daughter who, at the

time, was under the age of 14 years.[1] Pl's Supp. S.M.F. ¶ 7. Sails was convicted and, on

August 1, 2002, sentenced to jail. *Id.* at ¶ 8; Def's Opp. S.M.F. ¶ 9. After the criminal

proceedings against Sails were concluded, Hodurski filed a civil action against Sails in

Superior Court. *Id.* at ¶ 10.

Hodurski's Amended Complaint in the civil action against Sails included separate

counts for (1) assault and battery; (2) intentional infliction of emotional distress; (3)

---

[1] The court notes the Hodurski's qualification of this allegation. Hodurski's response,
however, is nonresponsive, does not contain the record citations required under M.R.
Civ. P. 56(h)(4), and commingles additional facts not contained in the plaintiff's
assertion. Accordingly Pl.'s Supp. S.M.F. ¶ 8 is deemed admitted. *See Doyle v. Dep't of
Human Servs.*, 2003 ME 61, ¶¶ 10-11, 824 A.2d 48, 52-53.

negligent infliction of emotional distress; (4) parental health care costs and losses; (5) fraudulent conveyance; (6) negligence; and (7) constructive trust. *Id.* at ¶ 11.[2] Paragraph 3 of the Amended Complaint alleged that Sails "intentionally assaulted and battered [Hodurski's daughter] by touching, fondling and otherwise engaging in sexual contact with the minor child." *Id.* at ¶ 12. Counts III and VI of the Amended Complaint specifically incorporated the allegations contained in paragraph 3. *Id.* at ¶ 13; *see also* Pl.'s Exh. L at 1, 2 & 4.

During the third day of the jury trial in the civil action, Hodurski's counsel moved to voluntarily dismiss all claims in that action except for Counts III and VI against Sails, and submit those remaining counts to the court for decision without a jury. The court granted the motion and dismissed all other claims with prejudice. On March 24, 2004, the court entered judgment on Counts III and VI against Sails for negligent infliction of emotional distress and negligence. The court awarded Hodurski $152,537.05 in damages plus costs and interest. In its findings, the court stated that "Sails is 100 percent responsible for his decisions and his actions, 100 percent, period." Pl.'s Supp. S.M.F. ¶ 21 (quoting Pl.'s Exh. J at 13). When detailing the two alternative theories upon which the judgment might be based the court stated:

> In this matter I do find that there's strong evidence suggesting that Mr. Sails does have, frankly, a history of victimization himself. The evidence suggests that that may be the case. The fact there's another victim of sexual contact here and multiple incidents lead to a conclusion of an undeniable proclivity on his part for this kind of behavior.
>
> And, having made that finding, there are really only two alternative explanations here, both of which invoke the concept of negligence.
> The first alternative is that he was aware of this proclivity but failed to use due care to protect others, efforts such as counseling or limiting his – self-limiting his access.
>
> The other alternative is that he was unaware of the proclivity, and, in that instance, I would find that that failure upon his part to be aware of it was,

---

[2] Again, the court notes Hodurski's qualification but because it is nonresponsive and commingles additional facts, Pl.'s Supp. S.M.F. ¶ 11 is deemed admitted.

in fact, a failure to use due care in his own perceptions, his own proclivities and dangers to others.

I think the first of those two alternatives is more likely. But, as I said, I'm satisfied it's one or the other, and either invokes the concept and doctrine of negligence.

Defs' Supp. S.M.F. ¶ 2 (quoting Defs' Exh. III at 14-15).

During 2000 and 2002, Sails was a named insured under a homeowners' insurance policy issued by plaintiff York Insurance Company of Maine ("York"), formerly known as Commercial Union York Insurance Company. The policy contains exclusions against liability coverage for, among other things, "bodily injury" or "property damage" "arising out of sexual molestation, corporal punishment or physical or mental abuse" or "which is expected or intended by one or more insureds." York was given notice of Hodurski's claims against Sails, however, York refused to provide a defense or participate in the underlying action.

York has filed the instant declaratory judgment action seeking a declaration that: (1) it has no duty to indemnify Sails against the underlying civil action; and (2) Hodurski is not entitled by 24-A M.R.S.A. § 2904 to recover insurance money from York under Sails' policy because Sails was not insured against such liability.[3] Hodurski therafter filed a counterclaim pursuant to 24-A M.R.S.A. § 2904, Maine's Reach and Apply statute, seeking recovery from York for the judgment against Sails.

## DISCUSSION

York has moved for summary judgment on its declaratory judgment action arguing that the policy excludes coverage for damages arising out of sexual molestation

---

[3] Sails was initially named as a co-defendant, however, pursuant to a consented to motion, he was dismissed as a party. Sails agreed to be bound by the outcome. *See York Ins. Co. of Maine v. Sails and Hodurski*, CUMSC-CV-05-48 (Me. Super. Ct., Cum. Cty. March 29, 2005) (Crowley, J.).

by the insured or that are "expected or intended" by an insured. York also argues that summary judgment is appropriate because public policy mandates that homeowners' insurance does not extend to liability coverage for such heinous conduct. Finally, York argues that Sails' sexual molestation of a little girl over a number of years was not an "occurrence" covered by the policy.

In opposition to York's motion and in support of her own, Hodurski argues that because the underlying civil judgment was entered on the negligence claims rather than on claims of intentional conduct, and because negligence is not excluded from York's policy, Hodurski is entitled to reach and apply York's insurance coverage to satisfy the judgment. Hodurski further argues that York should be collaterally estopped from bringing its declaratory judgment action since it was provided with adequate notice of the underlying civil action but York nevertheless failed to participate.

When considering a motion for summary judgment pursuant to M.R. Civ. P. 56, the court views "the evidence presented by the statements of material fact and reasonable inferences that may be drawn from that evidence in the light most favorable to the party against whom summary judgment has been granted, to determine if the parties' statements of material fact and referenced record evidence reveal a genuine issue of material fact." *Kinney v. Maine Mut. Group Ins. Co.*, 2005 ME 70, ¶ 15, ___ A.2d ___ (citing *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747; and *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179). "A material fact is one that has the potential to affect the outcome of the suit." *Id.* (citations omitted). "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the facts at trial." *Id.*

Under Maine's reach and apply statute, 24-A M.R.S.A. § 2904, "a person who recovers a final judgment against the judgment debtor," may "reach and apply insurance coverage to satisfy the judgment if (1) the judgment debtor was insured

against such liability when the right of action accrued; and (2) the insurer was given notice of such accident, injury, or damage before recovery of the judgment." *Sarah G. v. Maine Bonding & Casualty Co.*, 2005 ME 13, ¶ 6, 866 A.2d 835, 837 (citing *Marston v. Merchs. Mut. Ins. Co.*, 319 A.2d 111, 113 (Me. 1974)). Section 2904 reads, in relevant part:

> Whenever any person, administrator, executor, guardian, recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action, in his own name, against the insurer to reach and apply the insurance money, if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of such incident, injury or damage. The insurer shall have the right to invoke the defenses described in this section in the proceedings.

24-A M.R.S.A. § 2904 (2000).

In this case, it is undisputed that York was given notice of the claims against Sails in the underlying action. Accordingly, the issue before the court "is whether the policy provided coverage for the liabilities established by the underlying judgment." *Sarah G.*, 2005 ME 13, ¶ 7, 866 A.2d at 838 (citations omitted). Hodurski argues throughout her memoranda that the court's entry of judgment in the underlying action against Sails on theories of negligence precludes a finding by this court that his conduct falls within the policy's exclusions. The court, however, disagrees. In recent, applicable case law, the Law Court has made clear that it is the allegations made in the original complaint, not the theory upon which judgment is entered, that is dispositive. *See id; and Korhonen v. Allstate Ins. Co.*, 2003 ME 77, ¶ 11, 827 A.2d 833, 837.

In *Sarah G.*, a case substantially similar to the case at bar, two sisters brought claims of negligence and negligent infliction of emotional distress against a man who had been convicted of sexually exploiting them when they were minors. *See id.* ¶¶ 2-3, 866 A.2d at 836-37. They also brought negligence-

based claims against the man's wife. In that case, "[t]he Superior Court entered a stipulated judgment of two million dollars in favor of the plaintiffs for negligent infliction of emotional distress as to" the man "and negligent supervision as to" his wife. *Id.* ¶ 3, 866 A.2d at 837. When the judgment debtors in the underlying action assigned their claims to the plaintiffs and the plaintiffs, in turn, brought a reach and apply action against the judgment debtors' insurance company, the insurance company denied coverage, arguing that coverage was excluded under an "abuse or molestation" exclusion in their policy. *Id.* ¶ 4, 866 A.2d at 837.

In that case, as in this one, the judgment creditors argued that because the judgment sounded in negligence rather than some other intentional tort, the liability was not excluded from coverage under the policy. *Id.* ¶ 8, 866 A.2d at 838. Notwithstanding the fact that the trial court had found the insureds liable for negligence, however, the Law Court looked at the allegations made in the underlying complaint to determine whether their injuries fell within the scope of the policy exclusion. *See id.* ¶¶ 7 & 13 866 A.2d at 838 & 839. Because the claims that formed the basis of the judgment were not covered by the policy, the court concluded that the judgment creditors could not "recover from the insurers in the reach and apply action." *Id.* ¶ 13, 866 A.2d at 839. *See also Perreault v. Me. Bonding & Cas. Co.* 568 A.2d 1100, 1101 (Me. 1990).

In the instant case, paragraph 3 of the Amended Complaint alleged that Sails "intentionally assaulted and battered [Hodurski's daughter] by touching, fondling and otherwise engaging in sexual contact with the minor child." Under the terms of the policy, damages "arising out of sexual molestation, corporal punishment or physical or mental abuse," or which is "expected or intended by one or more insureds" are excluded from coverage. Pl.'s Ex. M. Because the policy's exclusions are unambiguous, *see Korhonen*, 2003 ME 77, ¶ 9, 827 A.2d at

836 (stating that "[t]he interpretation of an insurance contract is a matter of law" and "[t]he language of a contract of insurance is ambiguous if it is reasonably susceptible of different interpretations") (citations omitted), and explicitly exclude coverage for expected or intended injuries and injuries arising from sexual molestation by the insured, the court concludes that the liability established in the underlying action is not covered by the policy or subject to a reach and apply action. *See Perreault*, 568 A.2d at 1101.

In addition, the court rejects Hodurski's argument that York should be collaterally estopped from denying coverage because it declined to defend or otherwise participate in the underlying action. Hodurski argues that because Sails was adjudged negligent in the underlying action York may not now characterize his conduct as intentional or assert that it otherwise falls within the policy's exclusions. This argument, however, misapprehends the issue presented in this case.

"Collateral estoppel, or issue preclusion, is the prong of res judicata that prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Cline v. Maine Coast Nordic*, 1999 ME 72, ¶ 9, 728 A.2d 686, 688 (internal quotations and citations omitted). The underlying action did not involve a factual determination of whether York insured Sails for the liability at issue. Instead, Sails' liability was the issue litigated in the underlying action. The issue presented in the instant action is whether "the allegations of the claims upon which the underlying judgment are based establish liability covered by the policy." *Sarah G.*, 2005 ME 13, ¶ 7, 827 A.2d at 837. Accordingly, the court concludes that collateral estoppel

does not apply to the issues raised in this action and that York has therefore not waived its right to deny coverage.

Based on the foregoing, the entry is

Plaintiff's Motion for Summary Judgment is GRANTED.

Defendant's Motion for Summary Judgment is DENIED.

Dated at Portland, Maine this 6th day of July 2005.

Robert E. Crowley
Justice, Superior Court

JOHN LUCY ESQ
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 2429
BANGOR ME 04402-2429

JOHN WHITMAN ESQ
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545

THOMAS MATZILEVICH ESQ
N LAURENCE WILLEY ESQ
WILLEY LAW OFFICE
PO BOX 924
BANGOR ME 04402-0924