ENTERED NOV 0 4 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-102
CUM-TDW-10-31-14

METROPOLITAN PROPERTY
AND CASUALTY INSURANCE
COMPANY,

STATE OF MAINE
Cumberland ss Clerk's Office

Plaintiff

NOV 03 2014

RECEIVED

ORDER

v.

WILLIAM GOOGINS, et al,

Defendants

Before the court are a motion for summary judgment by plaintiff Metropolitan Property and Casualty Insurance Co. and what the parties have treated as a cross-motion for summary judgment by defendant Estate of Eric Benson.[1]

No formal cross motion has been filed but Metropolitan's reply papers on its motion for summary judgment were styled as both a reply and as an opposition to the Estate's cross motion. Subsequently, the Estate has filed reply papers in support of its cross motion. Since the parties have been treating the Estate as having filed a cross-motion and since Rule 56(c) allows summary judgment to be entered against the moving party even if no formal cross-motion is filed, the court will consider the Estate has having filed a cross-motion based on its statement of additional material facts.

---

[1] Defendant William Googins did not answer the complaint and a default has been entered against him.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

This case arises from the death of Eric Benson, who died when his head struck the pavement after he was punched once by William Googins on May 23, 2010. The issues in this case are whether Metropolitan is entitled to a declaratory judgment that it has no obligation to indemnify Googins for a judgment against him that has been obtained by the Estate and the corresponding question of whether Metropolitan is liable on a reach and apply claim brought by the Estate.

Status of William Googins as a Resident in the Policyholder's Household

It is undisputed that at the time of Eric Benson's death, a homeowner's policy issued to Brenda Googins (grandmother of William Googins) was in effect. With certain exclusions discussed further below, that policy provided that "we will pay all sums for bodily injury and property damage to others for which the law holds you responsible because of an occurrence to which this coverage applies."

"You" and "your" are defined in the policy as follows:

> the person or person named in the Declarations and if a resident of
> the same household:

2

A, the spouse of such person or persons;

B. the relatives of either; or

C. any other person under the age of twenty-one in the care of any of the above. . .

Policy, General Definitions (emphasis added).

On the issue of whether William Googins is covered as a resident in Brenda Googins's household, the court has reviewed the summary judgment record and concludes that there is a factual issue for trial. This follows from the absence of any definition of "resident" or "household" in the policy. In *Dechert v. Maine Insurance Guaranty Assn.*, 1998 ME 127 ¶¶ 5-7, 711 A.2d 1290, the Law Court found that the term "resident of an insured's household" was ambiguous and required a fact-specific inquiry. The Court noted that "much will depend on the subjective or declared intent of the individual" and that it was not essential that a household be housed under a single roof. 1998 ME 127 ¶ 6.

On the issue of residency, therefore, there is a factual dispute that will require a trial unless Metropolitan is entitled to judgment as a matter of law on any of the other arguments it has raised.


Occurrence

As noted above, coverage applies to bodily injury for which the law holds a covered person responsible because of an "occurrence," and "occurrence" is defined as an "accident" in the policy's general definitions. Although Metropolitan argues that the action by Googins cannot be found to be an accident, the determination of whether an act is accidental and thus qualifies as an occurrence "depends on the unintended nature of the consequences of the act, rather than the intentional nature of the act itself." *Maine Mutual Fire Insurance Co. v. Gervais*, 1998 ME 197 ¶ 9, 715 A.2d 938. The court has reviewed the summary judgment record and finds no evidence

3

that Googins intended to cause death or serious injury to Eric Benson. Metropolitan is therefore not entitled to summary judgment based on the definition of "occurrence."

Intentional Loss Exclusion

The policy contains an "intentional loss" exclusion that provides as follows:

> We do not cover bodily injury or property damage, which is reasonably expected or intended by you or which is a result of your intentional and criminal acts or missions [*sic*]. This exclusion is applicable even if:
> A. you lack the mental capacity to govern your conduct:
> B. such bodily injury or property damage is of a different kind or degree than reasonably expected or intended by you; or
> C. such bodily injury or property damage is sustained by a different person than expected or intended by you.

Policy at 29 ("Losses We Do Not Cover"), cited in Metropolitan SMF ¶ 6 (admitted).

Exclusions in insurance policies are to be interpreted consistently with their contractual purpose, with ambiguities resolved against the insurer. *Sarah G. v. Maine Bonding & Casualty Co.*, 2005 ME 13 ¶ 10, 866 A.2d 835.

Focusing on the question of whether the bodily injury in this case was "expected or intended," Maine cases have found that language to be ambiguous and that an "expected or intended" exclusion refers only to bodily injury "that the insured in fact subjectively wanted ('intended') to be a result of his conduct or in fact subjectively foresaw as practically certain ('expected') to be a result of his conduct." *Patrons-Oxford Mutual Insurance Co. v. Dodge*, 426 A.2d 888, 892 (Me. 1981). *Accord, Royal Insurance Co. v. Pinette*, 2000 ME 155 ¶ 8, 756 A.2d 520 ("our cases … demonstrate that the exclusion applies only when the insured has acted with the intention or expectation that another will be harmed by the insured's intentional act"). Once

4

again, there is no evidence that Googins intended or expected the bodily injury that resulted from punching Eric Benson.

However, that does not end the analysis. The specific policy language in the Intentional Loss exclusion in this case alternatively covers bodily injury "which is a result of your intentional and criminal acts … even if … such bodily injury is of a different kind or degree than reasonably expected or intended by you." This language was not contained in the insurance policies at issue in the *Dodge* and *Pinette* cases. *See Dodge*, 426 A.2d at 889; *Pinette*, 2000 ME 155 ¶ 2 n.2.

It is undisputed that Googins pled guilty to assault for striking Eric Benson. Metropolitan SMF ¶ 12 (admitted). It is also undisputed that Benson died as a result of being struck when he fell and hit his head on the pavement.

Eric Benson's death thus resulted from a criminal act. That alone is insufficient to establish that the injury to Eric Benson resulted from an "<u>intentional</u> and criminal act" (emphasis added).[2] However, Metropolitan has cited to deposition testimony of William Googins that he intended to strike Eric Benson's face with his closed fist even though he did not intend to inflict the injury that ensued. W. Googins Dep. (4/28/14) 19, 47. This is sufficient to establish that Googins's punch was "intentional" as well as "criminal," thus bringing this case within the "Intentional Loss" exclusion in light of the additional language that bodily injury resulting from an intentional and criminal act is excluded from coverage even if the bodily injury inflicted was different than expected or intended.

The court further concludes that the language excluding bodily injury "which is a result of your intentional and criminal acts … even if … such bodily injury is of a different kind or

---

[2] Under the applicable criminal statute an assault does not require that the defendant's conduct be intentional. Assaults can be committed recklessly. 17-A M.R.S. §§ 207(1)(a), 208(1).

5

degree than reasonably expected or intended by you" is not ambiguous because an ordinary person in the insured's position would understand the exclusion. *See Sarah G. v. Maine Bonding & Casualty Co.*, 2005 ME 13 ¶ 10. Accordingly, based on the specific language of the Intentional Loss exclusion in this case, the court concludes that Metropolitan is entitled to summary judgment.

Other Issues

Given its ruling above, the court does not have to consider in any detail three other arguments raised by Metropolitan – (1) that coverage is also excluded under policy language that the insurer does cover bodily injury "caused by or resulting from ... physical abuse;" (2) that the reach and apply statute does not apply because Googins never tendered the defense of the Estate's action against him to Metropolitan; and (3) that the reach and apply statute is also inapplicable because there was fraud or collusion between the Estate and William Googins.

On the first of those issues, the court concludes that the "physical abuse" exclusion would not apply to the conduct of William Googins under the circumstances of this case. "Abuse" is not defined in the policy and under the circumstances of this case it is ambiguous whether one punch would constitute "physical abuse."[3] Ambiguities are interpreted in favor of coverage.

On the second issue, the summary judgment record demonstrates that Metropolitan had notice of the events surrounding the death of Eric Benson and of the Estate's action against Googins. Indeed, Metropolitan's complaint in this action specifically refers to the then pending action against Googins. The reach and apply statute does not require that a defense be tendered

---

[3] This is particularly true given that the full text of the physical abuse exclusion refers to "sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse."

to the insurer. It only requires that before the recovery of the judgment, the insurer have notice of the "accident, injury, or damage." 24-A M.R.S. § 2904.

On the third issue, the Law Court's decision in *Patrons-Oxford Insurance Co. v. Harris,* 2006 ME 72 ¶¶ 5, 14-16, 20-21, 905 A.2d 819, establishes that when an insurer has either denied coverage or reserved its right to deny coverage, an insured has the right to control the defense of the case and may enter into a settlement that shields him from personal liability while allowing recovery from the insurer – if coverage exists.

In this case Metropolitan was apparently not informed in advance of the third amended complaint or of the settlement. However, it was aware of the pending suit and could have monitored developments in that suit. It has not offered any evidence that either the Estate or William Googins made any affirmative misrepresentations that could have constituted fraud. In addition, it has not offered any evidence that the Estate and William Googins have engaged in collusion by withholding any evidence or testifying falsely in order to further the Estate's claim against Metropolitan. Entering into a settlement that protected Googins's interests and that allowed the Estate to seek recovery only from Metropolitan did not constitute fraud or collusion within the meaning of 24-A M.R.S. § 2904(6). *See Patrons-Oxford v. Harris,* 2006 ME 72 ¶¶ 5, 21.[4]

---

[4] Although *Patrons-Oxford v. Harris* does not allow an insurer to contest liability just because an insured has entered into a settlement that provides for recovery only against the insurer, the Law Court simultaneously ruled that the insurer would be entitled to contest the fairness and reasonableness of the damages awarded. 2006 ME 72 ¶ 19.

7

The entry shall be:

Based on the specific wording of the intentional loss exclusion, plaintiff's motion for summary judgment declaring that it has no contractual obligation to indemnify William Googins is granted, and defendant's counterclaim under the reach and apply statute is dismissed. Defendant's cross-motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated:  October 3 1, 2014

Thomas D. Warren
Justice, Superior Court

8

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

WILLIAM ROBITZEK ESQ
BERMAN & SIMMONS
PO BOX 961
LEWISTON ME 04243-0961

Defendant's Attorney

---

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JEFFREY EDWARDS ESQ
PRETI FLAHERTY
PO BOX 9546
PORTLAND ME 04112-9546

Plaintiff's Attorney